(929 P.2d 801)

No. 75,355

ROGER C. RUTSCHMAN, *Appellee*, v. KANSAS DEPARTMENT OF
REVENUE, *Appellant*.

—

Opinion filed
December 27, 1996.

*James G. Keller*, of Kansas Department of Revenue, for appellant.

*James S. Oswalt*, of Hutchinson, for appellee.

Before BRAZIL, C.J., ELLIOTT and GERNON, JJ.

GERNON, J.: In this appeal by the Kansas Department of Revenue (Department), the Department contends the district court misconstrued K.S.A. 40-3118(d) in ruling that Roger Rutschman was not required to have his insurer file proof of insurance with the Division of Vehicles (Division) after he entered into a diversion agreement.

On November 30, 1994, Rutschman entered into a diversion agreement in lieu of a DUI prosecution. His driving privileges were not suspended, either as a part of the agreement or in any other manner.

In January 1995, the Division sent Rutschman a driver's license suspension order, indicating that his driving privileges would be suspended if his insurance company did not file proof of his insurance with the Division by February 4, 1995.

Rutschman subsequently filed a request for a hearing to determine whether he was required under K.S.A. 40-3118(d) to present proof of his insurance to the Division. The Department subsequently advised Rutschman's attorney that it was the Division's position that 40-3118(d) required an insurance verification on behalf of any person who has entered into a DUI diversion agreement and that no hearing would be provided. Rutschman then filed a

petition for review with the district court and obtained a stay of the driver's license suspension order pending the determination of whether he is required under the statute to file evidence of insurance with the Division.

The district court ultimately found that the Division could not require Rutschman to file a proof of insurance because his driving privileges were never suspended and, therefore, he would never become eligible for reinstatement. The Department appeals. We agree with the Department and reverse.

The relevant portion of K.S.A. 40-3118 provides:

"(d) In addition to any other requirements of this act, the director [of vehicles] shall require a person to acquire insurance and for such person's insurance company to maintain on file with the division evidence of such insurance for a period of three years *from the date such person's driving privileges are otherwise eligible to be reinstated after such person has been convicted* in this or another state of any of the following violations:

. . . .

(2) violating K.S.A. 8-1567 [the DUI statute] and amendments thereto, or violating an ordinance of any city in this state or any law of another state, which ordinance or law declares to be unlawful the acts prohibited by that statute;

. . . .

"For the purposes of this act, the term 'conviction' includes pleading guilty or *nolo contendere*, being convicted or being found guilty of any violation enumerated in this subsection without regard to whether sentence was suspended or probation granted. A forfeiture of bail, bond or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction. *Also entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of the offense described in paragraph (2) of this subsection shall constitute a conviction for the purpose of this act.*" (Emphasis added.)

Rutschman focuses on the language of K.S.A. 40-3118(d) which states that insurance verification must be filed "for a period of three years from the date such person's driving privileges are otherwise eligible to be reinstated after such person has been convicted." He argues this language indicates that verification is only required when an individual's driver's license is actually suspended. Rutschman reasons that since his license was never suspended as a result of the diversion, the requirements of K.S.A. 40-3118(d) do not apply to him.

The Department maintains the language that Rutschman relies upon merely describes when the verification should be filed with the Division. It claims the statute clearly indicates that a person who enters into a diversion agreement is required to file proof of insurance because diversions are counted as convictions for purposes of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*

Rutschman agrees that K.S.A. 40-3118(d) is unambiguous. However, he misinterprets the plain language of the statute. The pivotal wording in the statutory language that Rutschman relies upon is "are otherwise."

A court must give words in common usage their natural and ordinary meaning when interpreting a statute. *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992). The word "otherwise" is commonly defined as being in another manner or circumstance. Webster's New World Dictionary 959 (3d college ed. 1988).

"[F]rom the date such person's driving privileges are otherwise eligible to be reinstated after such person has been convicted" clearly denotes when an individual convicted of a violation set forth in K.S.A. 40-3118(d) must have his or her insurer file verification of insurance with the Division. "[O]therwise eligible to be reinstated" means those other circumstances where an individual is convicted of one of the violations under the statute and his or her driving privileges are suspended. However, that wording cannot be read to exclude those situations where an individual enters into a diversion and his or her driving privileges are not restricted. Rutschman's interpretation would render part of the statute meaningless and would clearly be outside any reasonable legislative intent.

The legislature intended for individuals convicted of a violation under K.S.A. 40-3118(d) to have their insurer file proof of insurance for a period of 3 years either from the time their driving privileges are reinstated after being suspended or from the date of diversion of their driving privileges continue to remain in effect. The legislature recognized that such individuals pose a higher risk

than other motorists and thus, by requiring proof of insurance, are ensuring these potential risks are sufficiently covered.

This issue is a question of law which involves interpretation of a statute, and, therefore, our scope of review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). Given our reading of the statute, we conclude the district court erred in finding that Rutschman did not have to comply with the requirements of K.S.A. 40-3118(d) and reverse.

Reversed.